Howard Marc Spector
TBA # 00785023
S.D. Tex. 23274
Sarah M. Cox
TBA #24119316
S.D. Tex. 3408534
SPECTOR & COX, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
Hspector@spectorcox.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 20-20272** |
| **IRON HORSE TOOLS, LLC** | § | |
| | § | **Chapter 11** |
| | § | |
| Debtor. | § | |

**DEBTOR'S APPLICATION FOR APPROVAL OF RETENTION OF ARG
PARTNERS LLC PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) TO (I)
PROVIDE THE DEBTOR A CHIEF RESTRUCTURING OFFICER AND
CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATE CHRIS WELSH
AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTOR**

**This motion seeks an order that may adversely affect you. If you oppose the
motion, you should immediately contact the moving party to resolve the
dispute. If you and the moving party cannot agree, you must file a response
and send a copy to the moving party. You must file and serve your response
within 21 days of the date this was served on you. Your response must state
why the motion should not be granted. If you do not file a timely response, the
relief may be granted without further notice to you. If you oppose the motion
and have not reached an agreement, you must attend the hearing. Unless the
parties agree otherwise, the court may consider evidence at the hearing and
may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**TO THE HONORABLE DAVID R. JONES,**
**UNITED STATES BANKRUPTCY JUDGE**

COMES NOW, Iron Horse Tools, LLC ("Iron Horse" or "Debtor"), as debtor and debtor-

in-possession in the above captioned case (collectively, the "Debtor"), files this application to employ ARG Partners, LLC ("ARG"), and to designate Chris Welsh ("Welsh") as the Chief Restructuring Officer ("CRO") of the Debtor pursuant to 11 U.S.C. §§ 105 and 363, together with the Declaration of Chris Welsh (the "Welsh Declaration" and, collectively, the "Application") and in support thereof, respectfully states as follows:

## I.    JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). The relief requested in the Application is authorized under §§ 105 and 363 of the Bankruptcy Code.

2.      Venue of the Debtor's Chapter 11 case is proper in this district pursuant to 28 U.S.C. § 1408.

## II.    BACKGROUND

3.      On the date hereof (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtor continues to operate its business and manage its property as Debtor and Debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No official committee has been appointed, and no request has been made for the appointment of a trustee or examiner.

5.      The Debtor is national provider of pressure control-related equipment and services with seven locations supporting oil and gas operations throughout the country. Among other services, the Debtor provides chokes and related pressure control equipment and software, mud-gas devices, rotating control devices and testing services throughout the United States.

### III.    <u>RELIEF REQUESTED</u>

**6.**      By this Application, pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Debtor respectfully requests entry of an order (a) authorizing the Debtor to employ and retain ARG as restructuring advisors and (b) designate Chris Welsh as Chief Restructuring Officer ("<u>CRO</u>") ,  in accordance with the terms and conditions set forth in that certain engagement letter (the "<u>Engagement Letter</u>"), dated as of August 12, 2020, a copy of which is attached hereto as **<u>Exhibit "A".</u>**

### IV.    <u>BASIS TO RETAIN ARG PARTNERS AND CHRIS WELSH</u>

#### A.    **ARG PARTNERS' AND CHRIS WELSH'S QUALIFICATIONS**

7.      ARG is a restructuring, liquidation, and asset recovery firm. Specifically, ARG's services include operational and turnaround advisory services, restructuring advisory services, interim management services, including Chief Restructuring Officer services. ARG's professionals have provided financial advisory services to many debtors, creditors and other constituents in restructuring matters throughout the country.

8.      Mr. Welsh is the Managing Partner of ARG Partners with 31 years of experience in commercial lending, distressed transactions, including restructuring, turnaround, workouts, going concern assets sales. Accordingly, Mr. Welsh has significant relevant experience and expertise that will assist him in providing effective and efficient services to the Debtor throughout this chapter 11 case. His recent CRO experience in bankruptcy/restructuring cases includes Carolina Pad and Paper LLC., Cobalt-Vector Aerospace, LLC. and Sunset Logistic.

#### B.    **THE ENGAGEMENT**

9.      The Debtor has engaged ARG on the terms and conditions set forth in the Engagement Letter. The Debtor and ARG have agreed that Chris Welsh will serve as the Debtor's

CRO.

10.     Through the CRO, ARG will perform a range of restructuring services on the Debtor's behalf, including but not limited to:

      (a)    analyzing the business, operations and financial condition of the Debtor;

      (b)    assisting the Debtor with managing short term liquidity, including the preparation of, *inter alia*, 13-week cash flow forecasts and monitoring short term liquidity;

      (c)    assisting the Debtor with preparing financial analyses;

      (d)    evaluating strategic alternatives;

      (e)    assisting the Debtor with the preparation of data in order to prepare pleadings and fiduciary filings required in the Debtor's bankruptcy proceeding;

      (f)    providing testimony on such matters that are within ARG's expertise;

      (g)    executing restructuring initiatives, including structuring plans of reorganization, assisting in the sale of all or parts of the Debtor, including any marketing thereof and liquidating assets;

      (h)    assisting the Debtor and its counsel in negotiations with various parties-in-interest; and

      (i)    supporting the Debtor in such matters as the board of directors of the Debtor shall request or require from time to time.

Such services may, in certain circumstances, be delegated to other ARG personnel who will be billed on an hourly basis in addition to the fees charged for Mr. Welsh's services.

## C.     DISCLOSURES CONCERNING CONFLICTS OF INTEREST

11.     To check and clear potential conflicts of interest in this case, ARG has researched its client database to determine whether ARG has or had any connection with, among others, the following entities:

      (a)    the Debtor and affiliated entities;

      (b)    the Debtor's secured lender;

      (c)    the Debtor's 20 largest unsecured creditors

      (d)    the Debtor's equity security holders; and

(e)   counterparties to major contracts;

12.     In order to enable ARG, through the CRO, to perform its duties, the CRO will have (i) access to any and all information that the CRO deems necessary and all employees of the Debtor will be directed to provide that information; (ii) have approval authority for all expenditures over $10,000 and without such approval, no expenditure over the aforementioned amount may be made; and (iii) the authority to direct or restrict funding of any financial or administrative functions in the exercise of his business judgment, after consulting with the Debtor's President and Manager.

13.     To the best of the Debtor's knowledge, and based upon the Welsh Declaration, ARG is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code. To the best of the Debtor's knowledge, ARG does not hold any interest adverse to the Debtor or its estate. Furthermore, to the best of the Debtor's knowledge, ARG does not have any connection with the Debtor, its creditors, or any other party in interest herein, or their respective attorneys or accountants, the United States Trustee or any person employed in the office of the United States Trustee, except as set forth in the Welsh Declaration.

14.     From time to time, ARG may have provided financial consulting and/or consulting services to certain creditors and other parties in interest in matters unrelated to this case. ARG has informed the Debtor that during ARG's retention by the Debtor in this case, it will not provide services to creditors of the Debtor, including, without limitation, any listed in the Welsh Declaration, in connection with any matters relating to the Debtor. However, given its diverse practice and client base, ARG may provide services to clients in matters unrelated to this chapter 11 case that are or become creditors of the Debtor or who may have interests adverse to the debtors in unrelated matters.

### D.      COMPENSATION

15.      The Debtor and ARG w i s h t o enter into the Engagement Letter effective August 12, 2020. Under the Engagement Letter, the Debtor paid ARG a $36,000.00 retainer (the "Retainer") and agreed to pay ARG on an hourly basis upon presentation of weekly invoices, maintaining the balance of the Retainer at $36,000.00.

16.      Prior to the Petition Date, the Debtor paid ARG additional amounts in the aggregate amount of $89,950.17.

17.      In addition, ARG will be reimbursed for its reasonable out-of-pocket expenses incurred in connection with this assignment, such as travel, lodging, duplicating, messenger, computer research and telephone charges.

18.      ARG intends to maintain detailed, contemporaneous time records in tenth of an hour increments. If approved by the Court, ARG will be employed as a professional under section 327 of the Bankruptcy Code. ARG will submit fee applications under sections 330 and 331 of the Bankruptcy Code.

19.      ARG's fee structure with the Debtor is consistent with—and typical of—compensation arrangements entered into by ARG and other comparable firms in connection with rendering similar services under similar circumstances. Given the numerous issues ARG may be required to address in performing these services, ARG's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in chapter 11, the Debtor submits that the fee arrangements in the Engagement Letter are reasonable under these circumstances. The proposed compensation is comparable to that generally charged by financial consulting firms of similar stature to ARG and for comparable engagements, both in and out of

court.

20.     In light of the foregoing, and given the numerous issues which ARG may be required to address in the performance of its services hereunder, the Debtor believe that the proposed compensation is both fair and reasonable.

21.     As set forth above, ARG rendered prepetition CRO services to the Debtor and received compensation in connection with these services. Some invoices submitted to the Debtor were paid within the 90 day period prior to the Petition Date. These payments are set forth in the Welsh Declaration. ARG believes these payments were made in the ordinary course of business or financial affairs of the Debtor and ARG and according to ordinary business extends net 7 day payment terms and caps weekly billings.  In addition, ARG continued to perform services for the Debtor which would constitute new value under section 547 of the Bankruptcy Code.

### E.     THE INDEMNITY

22.     As set forth in the Engagement Letter, the Debtor agrees to indemnify  Mr.  Welsh to the same extent as the most favorable indemnification it extends to its officers or directors, whether under the Debtor's bylaws, its certificate of incorporation, by contract or otherwise, and no reduction or termination in any of the benefits provided under any such indemnities shall affect the benefits provided to Mr. Welsh. Mr. Welsh is and shall be covered as an officer under the Debtor's existing director and officer liability insurance policy.

23.     The indemnity is a reasonable term and condition of the Engagement and  a similar form has been approved by several other Courts in this and other Districts. Unlike the market for other professionals that a debtor may retain, indemnification is a standard term of the market for firms that provide restructuring, turnaround and crisis management services. In fact, the indemnity is comparable to those generally obtained by firms of similar stature to ARG and for comparable

engagements, both in and out of court.

24.     The indemnification of interim management, financial consultants and investment bankers is reasonable and, indeed, commonly approved in connection with the retention of such professionals. *See, e.g., In re United Artists Theatre Company*, 315 F.3d 217, 230 (3d Cir. 2003) ("[W]e believe Houlihan Lokey's indemnification to be reasonable and therefore permissible under § 328."); *In re Joan and David Halpern, Inc*., 248 B.R. 43 (Bankr. S.D.N.Y. 2000), aff'd, 2000 WL 1800690 (S.D.N.Y. Dec. 6, 2000); *see also In re DEC International, Inc.*, 282 B.R. 423, 429 (W.D. Wis. 2002) (affirming bankruptcy court's finding that indemnity of financial advisor was reasonable); *In re Comdisco, Inc*., 2002 WL 31109431 at *6 (N.D. Ill. Sept. 23, 2002).

## V.     <u>CONCLUSION</u>

25.     The retention of ARG and its professionals is a sound exercise of the Debtor's business judgment. Mr. Welsh has extensive experience with providing restructuring and related advisory services to many troubled companies, and is a seasoned turnaround and restructuring expert. Moreover, the terms of the Engagement Letter were the product of arms-length negotiations and are economically fair, reasonable and beneficial to the estate. The compensation agreement provided for in the Engagement Letter is consistent with and typical of arrangements entered into by other restructuring consulting firms with respect to rendering similar services for clients such as the Debtor. In light of the foregoing, the Debtor believes that the retention of ARG and Mr. Welsh as the CRO, in conjunction with the other Professional Staff provided by ARG, will provide services that benefit the Debtor's estates and creditors.

The Debtor respectfully requests that the Court enter an order (i) approving the retention of ARG and the appointment of Chris Welsh as CRO pursuant to Sections 105 and 363 of the Bankruptcy Code; (ii) approving the compensation terms set out above; and (iii) granting such

other and further relief as may be just and proper.

       Dated: September 8, 2020.

                            Respectfully submitted,

                            By:      */s/ Howard Marc Spector*
                                       Howard Marc Spector
                                      TBA #00785023

                            SPECTOR & COX, PLLC
                            Banner Place, Suite 1100
                            12770 Coit Road
                            Dallas, Texas 75251
                            (214) 365-5377
                            FAX: (214) 237-3380
                            EMAIL: hspector@spectorcox.com

                            PROPOSED COUNSEL FOR DEBTOR

**Exhibit A**

## ARGPartners

August 12, 2020

Joey Phillips, President and Its Board of Directors
Iron Horse Tools, LLC.
4502 S. Staples St.
Corpus Christi, TX 78411

In re:   Chief Restructuring Officer and Financial Advisory Services

Mr. Phillips,

This agreement (the "Agreement") is made and entered into this 12th day of August 2020, by and between ARG Partners LLC (herein referred to as "ARG") and Iron Horse Tools, Inc. (herein referred to as "IHT").  ARG is being engaged by IHT as the Chief Restructuring Officer (CRO) providing financial advisory and bankruptcy services.  This is a new agreement between the parties that supersedes the prior agreement that is dated May 5, 2020.

IHT recognizes that the current balance it owes to ARG as of 8-12-20 (anticipated bankruptcy filing date) is $23,810.05 as evidenced by the attached account statement.  The balance owed is subject to change based on the actual bankruptcy filing date.  Current balance provided is good through 8-15-20 and assumes no further travel expenses prior to bankruptcy filing.  ARG anticipates that advances by the senior lender will be made to cover ARG's outstanding balances prior to the filing date plus required deposit amount of $36,000 (see below for more details) for the contemplated bankruptcy filing.

WHEREAS, ARG is a professional consulting company located in Frisco (Dallas area), Texas; and

WHEREAS, the principals at ARG have a combined 120 years working with companies from all industries and markets in distressed situations; and

WHEREAS, IHT desires to retain ARG as its exclusive consultant to assist IHT in providing professional services as herein detailed; and

WHEREAS, both parties agree that IHT is in need of professional financial advice due to IHT's current liquidity and bankruptcy risk;

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree to the above recitals and as follows:

**Defined Scope of Work – Bankruptcy Management and Advisory Services:**
The scope of work is defined as follows:

a) ARG will maintain cash flow models to provide to the court and other stakeholders.
b) Negotiate and communicate with IHT's lenders, creditors and other vested parties to formulate budgets during and upon exit from bankruptcy.
c) Advise IHT management on various matters concerning employees, vendors and business operations.
d) Negotiate and document key employee agreements if applicable.

# ARGPartners

e)   Review and approve all cash payments to ensure that such disbursements are budgeted items.
f)   Review and approval of all applicable reporting to 3rd parties.
g)   Continuously look for opportunities to create cash flow savings and other restructuring activities that help IHT solidify its financial position during bankruptcy and post-exit.
h)   Weekly accounts receivable and borrowing base tracking for DIP financing.
i)   Track and report actual performance to budget on a weekly basis.
j)   Attend all court proceedings and provide expert testimony if applicable.
k)   All other necessary services to comply with bankruptcy court and 3rd party requirements.

**ARG Fee Structure To Complete Scope of Work:**

ARG requires an initial $36,000 deposit in advance of filing to cover its fees and expenses until the bankruptcy court approves this Agreement. Once approved by the court, ARG will require payment from IHT for the then accrued balance owed to ARG and leave the initial deposit in place to be applied toward ARG's invoicing upon bankruptcy exit.

|       |                            |                                       |
|-------|----------------------------|---------------------------------------|
| i.    | CRO                        | $400/hr. capped at $7,500.00 per week.|
| ii.   | Principal                  | $375/hr.                              |
| iii.  | Director                   | $300/hr                               |
| iv.   | Senior Consultant/Analysts | $175/hr                               |

a)   CRO duties provided by Chris Welsh, whose weekly fees are capped at $7,500 per week.
b)   All other ARG professionals, if necessary, will be invoiced based on the actual hours worked and their position within ARG.

1.   **Terms of Payment:** ARG shall receive the following reimbursement and compensation for services provided to IHT:

   a.   IHT agrees to reimburse ARG for all reasonable and necessary out of pocket expenses associated with travel, lodging, and other travel related expenses necessary to complete the ***Defined Scope of Work*** and any additional work as required.

   b.   ARG will invoice IHT by Sunday for of each week for services and expenses rendered in the previous week, with payment due from IHT by the following Friday once the bankruptcy court approves this Agreement.

2.   **Disclosure of ARG:** ARG has done business with IHT's current senior lender, Bluehenge Capital, and ARG has reviewed all current engagements and ARG has no conflicts existing that would disqualify ARG from performing the duties described in this agreement and obtaining the highest quality results for its client, IHT.

3.   **Cancellation:** Either party hereto may terminate this Agreement prior to the completion of the Scope of Work or work authorized hereunder by giving five (5) days written notice to the other party. Upon such termination of this Agreement, IHT will pay ARG for all fees earned, plus all outstanding and non-reimbursed expenses through the date of termination. ARG will cease work immediately once notified verbally or via email.

4.   **Independent Contractor:** Neither ARG nor any of its personnel performing work or services hereunder shall be deemed to be an agent, employee, officer or director of IHT, but shall be deemed to be an independent contractor. ARG is a Consultant and is being retained by IHT only as a consultant. ARG is not being hired or retained as an employee, officer or director of IHT nor any third party. In making decisions with respect to consulting with IHT under this Agreement or

taking any other action related to or in connection with this Agreement, ARG shall have no liability to any third party, and shall not be deemed to be in control of any operations or to be an "owner or operator" or acting as a "responsible person" or "managing agent" with respect to the operation of any third party.

5. **Limitation and Liability:** ARG assumes no responsibility or liability under this Agreement other than to render the services called for hereunder in good faith, and shall not be responsible for any action taken by IHT in following or declining to follow any advice or recommendations of ARG. ARG shall only be liable to IHT by reason of acts by ARG constituting willful or wanton misconduct.  ARG makes no warranties (including any warranties as to the merchantability or fitness) either expressed or implied with respect to any product or goods supplied by ARG or others. ARG shall not be liable for any loss or damage resulting from its performance or failure to perform or errors of judgment or resulting from reliance on counsel given.  ARG shall not be liable for any consequential or special damages arising out of the performance of work or failure to perform work or services or for counsel given.  For any litigation suffered by ARG where ARG is not at fault, the cost of representation and subsequent awards shall be borne by IHT.

6. **Confidentiality and Independence:** ARG will maintain in strict confidence any and all information of a non-public nature relating to IHT or its business and its agents that it may gain or develop in the course of its engagement (including, without limitation, its own work product and advice) and will not disclose any such information to any person during or after its engagement except with IHT's written consent, as permitted by law or as required by court order.

   ARG receives referrals and maintains business relationships with banks, private equity groups, insurance companies, financial organizations, investors, attorneys, etc., on a regular basis and has a variety of financial interests.  Such relationships and interests, however, are always dealt with separately from each other.  In conjunction with the confidentiality contained herein, ARG will not without IHT's consent during the term of this Agreement, nor thereafter, knowingly provide any services to any person or entity regarding this business in the absence of specific directions to provide such from IHT.

7. **Headings:** Paragraph headings of this Agreement have been inserted for convenience of reference only and shall not be construed to affect the meaning of this Agreement.

8. **Governing Law:** The terms of this Agreement shall be construed, interpreted and enforced under laws of the State of Texas.

9. **Effective Date:** The effective date of this Agreement shall be the date first mentioned.

IN WITNESS WHEREOF, the parties herein have executed this Agreement on the date first above written.

# ARGPartners

**ARG Partners, LLC.**

By: _Christopher A. Welsh_

Name: Christopher A. Welsh

Title: Managing Partner

Address for Notices:

Street: 3245 Main St.

Street: Suite 235-330

City/ST/Zip: Frisco, TX 75034

Attn: Chris Welsh

**Iron Horse Tools, LLC.**

By: _____

Name: Joey Phillips

Title: President

Address for Notices:

Street: 4502 S. Staples St.

Street: _____

City/ST/Zip: Corpus Christi, TX 78411

Attn: _____

**Iron Horse Tools, LLC. - Board of Directors**

By: _____

Name: Joey Phillips

Title: Chairman

# ARGPartners

August 31, 2020


Joey Phillips, President and Its Board of Directors
Iron Horse Tools, LLC.
4502 S. Staples St.
Corpus Christi, TX 78411

In re:   Addendum to Original Agreement dated 8-12-20

Mr. Phillips,

This Addendum to the agreement (the "Agreement") is made and entered into this 31st day of August 2020, by and between ARG Partners LLC (herein referred to as "ARG") and Iron Horse Tools, Inc. (herein referred to as "IHT").  The purpose of this Addendum is to add special project services to ARG engagement and pricing thereof.

This Addendum, modifies and amends the Agreement as follows:

Agreement Section **ARG Fee Structure To Complete Scope of Work** under the fee structure now includes:

      v.   Special Project Consultant      $100/hr. capped at $4,000.00 per week.

And adding:

      c)   Special Project Consultanting to be provided by Matt Marrietta.  Initial special project provided by Matt Marrietta is overseeing, documenting, reconciling and advisory accounting services for the full physical count of fixed assets/rental equipment inventory.


1. **Effective Date:** The effective date of this Addendum shall be the date first mentioned.

IN WITNESS WHEREOF, the parties herein have executed this Agreement on the date first above written.

**ARG**Partners

In re:   Addendum to Original Agreement dated 8-12-20

**ARG Partners, LLC.**

By:   *Christopher A. Welsh*

Name:   Christopher A. Welsh

Title:   Managing Partner

Address for Notices:

Street   3245 Main St.

Street   Suite 235-330

City/ST/Zip   Frisco, TX 75034

Attn:   Chris Welsh

**Iron Horse Tools, LLC.**

By:   _____

Name:   Joey Phillips

Title:   President

Address for Notices:

Street   4502 S. Staples St.

Street   _____

City/ST/Zip   Corpus Christi, TX 78411

Attn:   _____

**Iron Horse Tools, LLC. - Board of Directors**

By:   _____

Name:   Joey Phillips

Title:   Chairman

Howard Marc Spector
TBA # 00785023
S.D. Tex. 23274
Sarah M. Cox
TBA #24119316
S.D. Tex. 3408534
SPECTOR & COX, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
Hspector@spectorcox.com

PROPOSED COUNSEL
FOR THE DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **IRON HORSE TOOLS, LLC** | § | **Case No. 20-20272** |
| | § | |
| **Debtor.** | § | **(Chapter 11)** |
| | § | |

## DECLARATION OF CHRIS WELSH IN SUPPORT
## OF THE DEBTOR'S APPLICATION FOR APPROVAL OF RETENTION OF ARG
## PARTNERS LLC PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) TO (I) PROVIDE
## THE DEBTOR A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL
## PERSONNEL AND (II) DESIGNATE CHRIS WELSH AS CHIEF RESTRUCTURING
## OFFICER FOR THE DEBTOR

Chris Welsh hereby declares, under penalty of perjury, as follows:

1.      I am the proposed Financial Advisor of Iron Horse Tools, LLC, Chapter 11 debtor

and debtor-in-possession (the "Debtor"). I am also a managing partner of ARG Partners, LLC

("ARG").

2.      I have more than 31 years of experience in commercial lending, distressed

transactions, including restructuring, turnaround, workouts, going concern assets sales and

interim management roles including recent CRO experience in bankruptcy/restructuring cases

includes Carolina Pad and Paper LLC., Cobalt-Vector Aerospace, LLC. and Sunset Logistic.

Additionally, the partners and professionals supporting me on the engagement have provided financial advisory services to many debtors, creditors and other constituents in restructuring matters throughout the country.

3.      I seek to serve as the financial advisor for the Debtor to guide the Debtor through the bankruptcy and restructuring process to provide an experienced, independent perspective to the Debtor and its financial and operational needs. Specifically, Through the CRO, ARG will perform a range of restructuring services on the Debtor's behalf, including but not limited to:

(a)      analyzing the business, operations and financial condition of the Debtor;

(b)      assisting the Debtor with managing short term liquidity, including the preparation of, inter alia, 13-week cash flow forecasts and monitoring short term liquidity;

(c)      assisting the Debtor with preparing financial analyses;

(d)      evaluating strategic alternatives;

(e)      assisting the Debtor with the preparation of data in order to prepare pleadings and fiduciary filings required in the Debtor's bankruptcy proceeding;

(f)      providing testimony on such matters that are within ARG's expertise;

(g)      executing restructuring initiatives, including structuring plans of reorganization, assisting in the sale of all or parts of the Debtor, including any marketing thereof and liquidating assets;

(h)      assisting the Debtor and its counsel in negotiations with various parties- in-interest; and

(i)      supporting the Debtor in such matters as the board of directors of the Debtor shall request or require from time to time.

4.      To the best of my knowledge and except to the extent disclosed herein: (a) neither I nor ARG, has any connection with the Debtor, its creditors, or other parties in interest, or the attorneys or accountants of the foregoing, or the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") or any person employed in the Office of the U.S. Trustee; and (b) neither I nor ARG holds any interest adverse to the Debtor's estate. Accordingly, both I and ARG are "disinterested persons" as that term is defined in § 101(14) of the Bankruptcy Code in that we are not:

       (a)     a creditor, equity security holder, or insider of the Debtor;

       (b)     an investment banker for any outstanding security of the Debtor;

       (c)     attorney for an investment banker of the Debtor;

       (d)     a director, officer, or employee of the Debtor or of any investment banker specified in subparagraph (b) or (c) above.

5.      The Debtor and ARG wish to enter into the Engagement Letter effective August 12, 2020. Under the Engagement Letter, the Debtor paid ARG a $36,000.00 retainer (the "Retainer") and agreed to pay ARG on an hourly basis upon presentation of weekly invoices, maintaining the balance of the Retainer at $36,000.00.

6.      In addition, ARG will be reimbursed for its reasonable out-of-pocket expenses incurred in connection with this assignment, such as travel, lodging, duplicating, messenger, computer research and telephone charges.

7.      Prior to the Petition Date, the Debtor paid ARG additional amounts in the aggregate amount of $89,950.17 for financial advisory services.

8.      ARG intends to maintain detailed, contemporaneous time records in tenth of an hour increments. If approved by the Court, ARG will be employed as a professional under

section 327 of the Bankruptcy Code. ARG will submit fee applications under sections 330 and 331 of the Bankruptcy Code.

9.      A true and correct copy of the engagement agreement between the Debtor and ARG is attached hereto as Exhibit 1.

I declare, pursuant to 26 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct to the best of my information, knowledge and belief.


Chris Welsh

# ARGPartners

August 12, 2020


Joey Phillips, President and Its Board of Directors
Iron Horse Tools, LLC.
4502 S. Staples St.
Corpus Christi, TX 78411

In re:   Chief Restructuring Officer and Financial Advisory Services

Mr. Phillips,

This agreement (the "Agreement") is made and entered into this 12th day of August 2020, by and between ARG Partners LLC (herein referred to as "ARG") and Iron Horse Tools, Inc. (herein referred to as "IHT").  ARG is being engaged by IHT as the Chief Restructuring Officer (CRO) providing financial advisory and bankruptcy services.  This is a new agreement between the parties that supersedes the prior agreement that is dated May 5, 2020.

IHT recognizes that the current balance it owes to ARG as of 8-12-20 (anticipated bankruptcy filing date) is $23,810.05 as evidenced by the attached account statement.  The balance owed is subject to change based on the actual bankruptcy filing date.  Current balance provided is good through 8-15-20 and assumes no further travel expenses prior to bankruptcy filing.  ARG anticipates that advances by the senior lender will be made to cover ARG's outstanding balances prior to the filing date plus required deposit amount of $36,000 (see below for more details) for the contemplated bankruptcy filing.

WHEREAS, ARG is a professional consulting company located in Frisco (Dallas area), Texas; and

WHEREAS, the principals at ARG have a combined 120 years working with companies from all industries and markets in distressed situations; and

WHEREAS, IHT desires to retain ARG as its exclusive consultant to assist IHT in providing professional services as herein detailed; and

WHEREAS, both parties agree that IHT is in need of professional financial advice due to IHT's current liquidity and bankruptcy risk;

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree to the above recitals and as follows:

**Defined Scope of Work – Bankruptcy Management and Advisory Services:**
The scope of work is defined as follows:

a) ARG will maintain cash flow models to provide to the court and other stakeholders.
b) Negotiate and communicate with IHT's lenders, creditors and other vested parties to formulate budgets during and upon exit from bankruptcy.
c) Advise IHT management on various matters concerning employees, vendors and business operations.
d) Negotiate and document key employee agreements if applicable.

# ARGPartners

e) Review and approve all cash payments to ensure that such disbursements are budgeted items.
f) Review and approval of all applicable reporting to 3rd parties.
g) Continuously look for opportunities to create cash flow savings and other restructuring activities that help IHT solidify its financial position during bankruptcy and post-exit.
h) Weekly accounts receivable and borrowing base tracking for DIP financing.
i) Track and report actual performance to budget on a weekly basis.
j) Attend all court proceedings and provide expert testimony if applicable.
k) All other necessary services to comply with bankruptcy court and 3rd party requirements.

**ARG Fee Structure To Complete Scope of Work:**

ARG requires an initial $36,000 deposit in advance of filing to cover its fees and expenses until the bankruptcy court approves this Agreement. Once approved by the court, ARG will require payment from IHT for the then accrued balance owed to ARG and leave the initial deposit in place to be applied toward ARG's invoicing upon bankruptcy exit.

| | | |
|---|---|---|
| i. | CRO | $400/hr. capped at $7,500.00 per week. |
| ii. | Principal | $375/hr. |
| iii. | Director | $300/hr |
| iv. | Senior Consultant/Analysts | $175/hr |

a) CRO duties provided by Chris Welsh, whose weekly fees are capped at $7,500 per week.
b) All other ARG professionals, if necessary, will be invoiced based on the actual hours worked and their position within ARG.

1. **Terms of Payment:** ARG shall receive the following reimbursement and compensation for services provided to IHT:

    a. IHT agrees to reimburse ARG for all reasonable and necessary out of pocket expenses associated with travel, lodging, and other travel related expenses necessary to complete the ***Defined Scope of Work*** and any additional work as required.

    b. ARG will invoice IHT by Sunday for of each week for services and expenses rendered in the previous week, with payment due from IHT by the following Friday once the bankruptcy court approves this Agreement.

2. **Disclosure of ARG:** ARG has done business with IHT's current senior lender, Bluehenge Capital, and ARG has reviewed all current engagements and ARG has no conflicts existing that would disqualify ARG from performing the duties described in this agreement and obtaining the highest quality results for its client, IHT.

3. **Cancellation:** Either party hereto may terminate this Agreement prior to the completion of the Scope of Work or work authorized hereunder by giving five (5) days written notice to the other party. Upon such termination of this Agreement, IHT will pay ARG for all fees earned, plus all outstanding and non-reimbursed expenses through the date of termination. ARG will cease work immediately once notified verbally or via email.

4. **Independent Contractor:** Neither ARG nor any of its personnel performing work or services hereunder shall be deemed to be an agent, employee, officer or director of IHT, but shall be deemed to be an independent contractor. ARG is a Consultant and is being retained by IHT only as a consultant. ARG is not being hired or retained as an employee, officer or director of IHT nor any third party. In making decisions with respect to consulting with IHT under this Agreement or

# ARGPartners

taking any other action related to or in connection with this Agreement, ARG shall have no liability to any third party, and shall not be deemed to be in control of any operations or to be an "owner or operator" or acting as a "responsible person" or "managing agent" with respect to the operation of any third party.

5. **Limitation and Liability:** ARG assumes no responsibility or liability under this Agreement other than to render the services called for hereunder in good faith, and shall not be responsible for any action taken by IHT in following or declining to follow any advice or recommendations of ARG. ARG shall only be liable to IHT by reason of acts by ARG constituting willful or wanton misconduct. ARG makes no warranties (including any warranties as to the merchantability or fitness) either expressed or implied with respect to any product or goods supplied by ARG or others. ARG shall not be liable for any loss or damage resulting from its performance or failure to perform or errors of judgment or resulting from reliance on counsel given. ARG shall not be liable for any consequential or special damages arising out of the performance of work or failure to perform work or services or for counsel given. For any litigation suffered by ARG where ARG is not at fault, the cost of representation and subsequent awards shall be borne by IHT.

6. **Confidentiality and Independence:** ARG will maintain in strict confidence any and all information of a non-public nature relating to IHT or its business and its agents that it may gain or develop in the course of its engagement (including, without limitation, its own work product and advice) and will not disclose any such information to any person during or after its engagement except with IHT's written consent, as permitted by law or as required by court order.

   ARG receives referrals and maintains business relationships with banks, private equity groups, insurance companies, financial organizations, investors, attorneys, etc., on a regular basis and has a variety of financial interests. Such relationships and interests, however, are always dealt with separately from each other. In conjunction with the confidentiality contained herein, ARG will not without IHT's consent during the term of this Agreement, nor thereafter, knowingly provide any services to any person or entity regarding this business in the absence of specific directions to provide such from IHT.

7. **Headings:** Paragraph headings of this Agreement have been inserted for convenience of reference only and shall not be construed to affect the meaning of this Agreement.

8. **Governing Law:** The terms of this Agreement shall be construed, interpreted and enforced under laws of the State of Texas.

9. **Effective Date:** The effective date of this Agreement shall be the date first mentioned.

IN WITNESS WHEREOF, the parties herein have executed this Agreement on the date first above written.

**ARGPartners**

**ARG Partners, LLC.**

By: _Christopher A. Welsh_

Name: _Christopher A. Welsh_

Title: _Managing Partner_

Address for Notices:

Street _3245 Main St._

Street _Suite 235-330_

City/ST/Zip _Frisco, TX 75034_

Attn: _Chris Welsh_

**Iron Horse Tools, LLC.**

By: _____

Name: _Joey Phillips_

Title: _President_

Address for Notices:

Street _4502 S. Staples St._

Street _____

City/ST/Zip _Corpus Christi, TX 78411_

Attn: _____

**Iron Horse Tools, LLC. - Board of Directors**

By: _____

Name: _Joey Phillips_

Title: _Chairman_

# ARGPartners

August 31, 2020


Joey Phillips, President and Its Board of Directors
Iron Horse Tools, LLC.
4502 S. Staples St.
Corpus Christi, TX 78411

In re:   Addendum to Original Agreement dated 8-12-20

Mr. Phillips,

This Addendum to the agreement (the "Agreement") is made and entered into this 31st day of August 2020, by and between ARG Partners LLC (herein referred to as "ARG") and Iron Horse Tools, Inc. (herein referred to as "IHT").  The purpose of this Addendum is to add special project services to ARG engagement and pricing thereof.

This Addendum, modifies and amends the Agreement as follows:

Agreement Section **ARG Fee Structure To Complete Scope of Work** under the fee structure now includes:

      v.   Special Project Consultant          $100/hr. capped at $4,000.00 per week.

And adding:

      c)   Special Project Consultanting to be provided by Matt Marrietta.  Initial special project provided by Matt Marrietta is overseeing, documenting, reconciling and advisory accounting services for the full physical count of fixed assets/rental equipment inventory.


1.   **Effective Date:** The effective date of this Addendum shall be the date first mentioned.

IN WITNESS WHEREOF, the parties herein have executed this Agreement on the date first above written.

# ARGPartners

In re:   Addendum to Original Agreement dated 8-12-20

| ARG Partners, LLC. | | Iron Horse Tools, LLC. | |
|---|---|---|---|
| By: | *Christopher A. Welsh* (signature) | By: | |
| Name: | Christopher A. Welsh | Name: | Joey Phillips |
| Title: | Managing Partner | Title: | President |
| Address for Notices: | | Address for Notices: | |
| Street | 3245 Main St. | Street | 4502 S. Staples St. |
| Street | Suite 235-330 | Street | |
| City/ST/Zip | Frisco, TX 75034 | City/ST/Zip | Corpus Christi, TX 78411 |
| Attn: | Chris Welsh | Attn: | |

**Iron Horse Tools, LLC. - Board of Directors**

| | |
|---|---|
| By: | |
| Name: | Joey Phillips |
| Title: | Chairman |